UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

PAUL WILLIAM DRIGGERS, )
)
Petitioner, )    Civil Action No. 5: 14-186-DCR
)
v. )
)
FRANCISCO QUINTANA, Warden, )    **MEMORANDUM OPINION**
)    **AND ORDER**
Respondent. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Paul William Driggers is a federal inmate formerly confined at the Federal Medical Center located in Lexington, Kentucky.[1] Proceeding *pro se*, Driggers has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241. [Record No. 1] For the reasons discussed below, the petition will be denied.

On August 8, 2006, Driggers was charged in a one-count indictment with causing another to travel in interstate commerce, from California to Idaho, with the intent that a murder-for-hire be committed, *viz*, the murder of his ex-wife, all in violation of Title 18 U.S.C. § 1958. *See United States v. Paul William Driggers*, Criminal Action No. 2:06-cr-173-EJL (D. Idaho) 2006). [Record No. 1 therein] In February, 2007, a jury found Driggers

---

1   Driggers was transferred to the BOP's Residential Reentry Management field office in Phoenix, Arizona subsequent to the filing on this action. Per the BOP's website, his projected release date is April 19, 2015. *See* www.bop.gov/inmateloc/ *(last checked December 8, 2014).*

guilty of this offense. [*Id.*, at Record No. 113 therein] On May 22, 2007, Driggers was sentenced to a term of incarceration of 120 months, to be followed by a three-year term of supervised release. [*Id.*, at Record No. 126 therein]

Driggers' conviction was affirmed on appeal to the United States Court of Appeals for the Ninth Circuit. *United States v. Driggers*, 559 F.3d 1021 (9th Cir. 2009). Thereafter, Driggers moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [*Driggers*, at Record No. 164 therein] In his § 2255 motion, Driggers asserted, *inter alia*, claims of ineffective assistance of counsel, due process violations, lack of jurisdiction, and that his conviction was unlawful. *Id.* The trial court found no merit in any of Driggers' claims. In addition to denying the § 2255 motion, the Court also denied Driggers' motion for a Certificate of Appealability. [See *Paul William Driggers v. USA*, No. 2:09-cv-468-EJL (D. Idaho 2009), at Record No. 74 therein] On October 9, 2012, the United States Supreme Court denied Driggers' petition for a writ of certiorari. [*Id.* at 77 therein]

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Driggers' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Driggers' factual allegations as

2

true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In the pending petition, Driggers claims that: (i) the government engaged in outrageous conduct in orchestrating his conviction of the murder-for-hire offense; (ii) he was "framed"; (iii) the government paid the confidential informant to entrap him; (iv) his trial counsel was ineffective in numerous respects, including the failure raise an entrapment defense or request an entrapment instruction; (v) he was denied a fair trial in numerous respects, including trial court error and prosecutorial misconduct; and (vi) the trial court failed to consider or address various claims raised in his § 2255 motion. Essentially, Driggers argues that § 2255 is "inadequate or ineffective" as applied to his case because the trial court did not adequately consider his claims, that he is "actually innocent" of this offense, and that no court thus far has afforded him the relief he deserves. Driggers requests that his conviction be vacated and that a new trial be ordered. However, § 2241 is not the proper vehicle for these claims.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be

3

> filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).

However, the "savings clause" set out in § 2255(e) provides a narrow exception to the above rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but is denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Driggers asserts that his previous § 2255 motion was inadequate or ineffective because the trial court failed to consider the claims raised therein on the merits. In his § 2241 petition, Driggers finds fault with the entire legal process leading to his indictment and conviction and with the trial court's determination of his § 2255 motion. However, he has not pointed to "a new rule of law made retroactive by a Supreme Court case" sufficient to

4

support a claim of actual innocence.  *Townsend v. Davis*, *supra*.  As a result, Driggers may not proceed under § 2241.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Petitioner Paul William Driggers' 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 8th day of December, 2014.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge